IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ALVINO FLORES, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 7:15-cv-334 |
| | § | |
| SERGIO RAMIREZ, ALEX CASARES, | § | |
| DAVID BARBOSA, RENE CUELLAR, | § | |
| JUAN MEZA, GERARDO TAFOLLA, | § | |
| DAVID FOX, LUPE RIVERA SR., | § | |
| JOHN F. CUELLAR, CARLOS GARZA, | § | |
| LEO OLIVAREZ, | § | |
| individually, and CITY OF WESLACO, | § | |
| *Defendants*. | § | |

ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiff, ALVINO FLORES, in the above-titled and numbered cause, pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution, bringing claims for violations of civil rights and intentional infliction of emotional distress, seeking damages and declaratory relief, and would respectfully show the Court as follows:

INTRODUCTION

1.    Plaintiff brings this civil rights action to redress the deprivation, under color of state law, rights, privileges and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.  This claim arises from the concerted action of defendants to wrongfully arrest, detain, terminate, and publicly humiliate plaintiff.

<u>PARTIES</u>

2.      Plaintiff, ALVINO FLORES, SR., is an individual citizen and resident of Hidalgo

County, Texas and has property in Cameron County, Texas.

3.      Defendant, SERGIO RAMIREZ, is, on information and belief, a resident of Hidalgo

County, Texas.  Mr. Ramirez may be served with process at his residence at 427 Frio St. at

Edinburg, Texas 78539. Mr. Ramirez was, at all relevant times, the interim chief of the Weslaco

Police Department when he committed the acts complained of herein and is sued herein in his

individual capacity.

4.      Defendant, JUAN MEZA, is, on information and belief, a resident of Hidalgo County,

Texas.  Mr. Meza may be served with process at his place of work at 901 N Airport Dr.,

Weslaco, TX 78596.  Mr. Meza was, at all relevant times, a sergeant with the Weslaco Police

Department when he committed the acts complained of herein and is sued herein in his

individual capacity.

5.      Defendant, ALEX CASARES, is, on information and belief, a resident of Hidalgo

County, Texas.  Mr. Casares may be served with process at his place of work at 901 N Airport

Dr., Weslaco, TX 78596.  Mr. Casares was, at all relevant times, a corporal with the Weslaco

Police Department when he committed the acts complained of herein and is sued herein in his

individual capacity.

6.      Defendant, DAVID BARBOSA, is, on information and belief, a resident of Hidalgo

County, Texas.  Mr. Barbosa may be served with process at his place of work at 901 N Airport

Dr., Weslaco, TX 78596.  Mr. Barbosa was, at all relevant times, the public information officer

for Weslaco Police Department when he committed the acts complained of herein and is sued

herein in his individual capacity.

7.      Defendant, RENE CUELLAR, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Cuellar may be served with process at his place of work at 901 N Airport Dr., Weslaco, TX 78596.  Mr. Cuellar was, at all relevant times, a police officer with the Weslaco Police Department when he committed the acts complained of herein and is sued herein in his individual capacity.

8.      Defendant, LEO OLIVAREZ, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Olivarez may be served with process at his residence at 1702 S. Airport St., Weslaco, Texas 78596.  Mr. Olivarez was, at all relevant times, the City Manager of the City of Weslaco Texas when he committed the acts complained of herein and is sued herein in his individual capacity.

9.      Defendant, JOHN F. CUELLAR, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Cuellar may be served with process at his residence at 851 S. Iowa Avenue, Weslaco, Texas 78596.  Mr. Cuellar was, at all relevant times, a commissioner on the Weslaco City Commission when he committed the acts complained of herein and is sued herein in his individual capacity.

10.     Defendant, LUPE RIVERA, SR., is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Rivera may be served with process at his residence at 716 N. Padre St., Weslaco, Texas 78596.  Mr. Rivera was, at all relevant times, a commissioner on the Weslaco City Commission when he committed the acts complained of herein and is sued herein in his individual capacity.

11.     Defendant, DAVID FOX, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Fox may be served with process at his residence at 814 Quail Hollow North, Weslaco, Texas 78596.  Mr. Fox was, at all relevant times, a commissioner on the Weslaco City

Commission when he committed the acts complained of herein and is sued herein in his individual capacity.

12.     Defendant, GERARDO TAFOLLA, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Tafolla may be served with process at his residence at 320 Jalapa St., Weslaco, Texas 78596. Mr. Tafolla was, at all relevant times, a commissioner on the Weslaco City Commission when he committed the acts complained of herein and is sued herein in his individual capacity.

13.     Defendant, CARLOS GARZA, is, on information and belief, a resident of Hidalgo County, Texas.  Mr. Garza may be served with process at his residence at 320 Jalapa St., Weslaco, Texas 78596. Mr. Garza was, at all relevant times, a municipal court judge when he committed the acts complained of herein and is sued herein in his individual capacity.

14.     Defendant, CITY OF WESLACO, TEXAS, a city located in Hidalgo County, Texas, may be served with process by serving the mayor, David Suarez, at 255 S. Kansas Ave., Weslaco, Texas 78596, under the authority of Texas Civil Practices and Remedies Code section 17.024(b).

JURISDICTION AND VENUE

15.     Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this Court has jurisdiction over this matter.[1]  Pursuant to 28 U.S.C. 1391(b)(2), this matter is brought in the proper venue.

STATEMENT OF FACTS

16.     Plaintiff has been with the Weslaco Police Department (hereafter the "Department" or "WPD") since June 26, 2000.  During his tenure at the Department, plaintiff was the president of the Weslaco Municipal Police Union (hereafter the "Union") and was very active in local

---

[1] Because this action does not seek to impede, halt or alter any state criminal or administrative action, abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1991) is not appropriate.

politics.  Specifically, plaintiff served as the campaign treasurer for the Union's political action committee. The Union's political action committee, an entity created to promote and address local law enforcement concerns, was known to raise money for candidates, coordinate political block walks, and distribute political advertising.

17.     The election for Weslaco City Commission District 2 and District 3 took place on November 4, 2014.  Plaintiff was known by Weslaco City Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr. and now-former Commissioner John F. Cuellar to support their opponents and to be a leader in the Union's efforts to unseat them.  Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr. and former Weslaco City Commissioner John F. Cuellar conspired with former Weslaco City Manager, Leo Olivarez, (hereafter collectively referred to as the "city defendants") and former Interim Chief Sergio Ramirez, WPD Corporal Alex Casares, WPD Public Information Officer David Barbosa, WPD Officer Rene Cuellar, and WPD Sergeant Juan Meza (hereafter collectively referred to as the "police defendants") to "politically eliminate" plaintiff by having him arrested, having his employment terminated, and having him publicly humiliated.

18.     Additionally, Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr. and former Commissioner John F. Cuellar blamed plaintiff for their arrest on a Violation of Open Meetings Act charge in which the commissioners removed the public from an open meeting. Further, on or about January 26, 2014, plaintiff, while working as a police officer, responded to the residence of Commissioner Lupe Rivera's son for an assault call.  Plaintiff arrested Commissioner Rivera's son for Assault-Family Violence after his common-law spouse alleged he had assaulted and raped her. Plaintiff had applied for the chief of police position, a fact known by the police defendants, and became a target for removal.

19.     As a result, the police defendants came into an agreement with Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr. and former Commissioner John F. Cuellar and Mr. Olivarez to destroy plaintiff's reputation, both professionally and personally, in exchange for promotions and employment advantages within the Department.  While they were initially successful in accomplishing their objective, with great resilience and faith, plaintiff was able to overcome their sinister efforts.  Plaintiff was awarded his job back in arbitration, a grand jury "No Billed" the false charges against him and the candidates he supported won the election.  However, plaintiff's vindication came at an incredibly high cost.

20.     On or about May 2, 2014, Mr. Olivarez, named the unqualified but politically connected Mr. Ramirez as the Department's Interim Police Chief.  Mr. Ramirez' appointment was subsequently confirmed by a majority of the Weslaco City Commission.  At the time of Mr. Ramirez' appointment, plaintiff had the rank of corporal.  Also during this time, and in compliance with City of Weslaco Civil Service rules and regulations, plaintiff worked as a part time courtesy officer for the Weslaco Hills Apartments and lived there with his young family.

21.     On May 12, 2014, Mr. Ramirez' improperly transferred WPD Sergeant Juan Meza from patrol sergeant  to "Administrative Sergeant," a position not authorized by the collective bargaining labor agreement between the City of Weslaco, Texas and the Union (hereafter the "CBA").  Mr. Ramirez then had WPD Corporal Alex Casares, WPD Public Information Officer David Barbosa, WPD Officer Rene Cuellar, and WPD Sergeant Juan Meza conduct sham internal affairs investigations against Mr. Flores.  Throughout the internal affairs investigation of plaintiff, the police defendants manipulated evidence, modified and coerced witness testimony, and concealed key exculpatory facts.

22.     On or about June 17, 2014, Mr. Ramirez issued an order via a police department internal memorandum that prohibited plaintiff from working as a courtesy officer for the Weslaco Hills Apartments.  This order was based on the sham internal affairs investigation and resulted in Mr. Flores having to immediately move his family out of their home.

23.     On or about July 15, 2014, Mr. Ramirez, Corporal. Casares, Public Information Officer Barbosa Officer Rene Cuellar, and Sgt. Meza, agreed and conspired to illegally cause a warrant to be issued for plaintiff's arrest by withholding material information and misrepresenting material facts from a neutral magistrate.  Further, when the magistrate hesitated in signing the warrants they presented, the police defendants physically and "politically" intimidated the magistrate into acquiescing into their demands.  The magistrate, Carlos Garza, failed to stand his ground and uphold the law.  On or about July 21, 2014, plaintiff was then wrongfully arrested and arraigned in the presence of almost every outlet of local media, called to attend the proceedings by the police defendants for the purpose of publicly humiliating plaintiff.

24.     As a result of the actions of the City of Weslaco, Weslaco City Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr.  and former Weslaco Commissioner John F. Cuellar, former Weslaco City Manager, Leo Olivarez, former Weslaco Police Department Interim Chief Sergio Ramirez, WPD Corporal Alex Casares, WPD Public Information Officer David Barbosa, WPD Officer Rene Cuellar and WPD Sergeant Juan Meza, plaintiff's Fourth Amendment Rights were violated; he was forced from his home; he was publicly humiliated; his reputation was destroyed; he sustained emotional/mental distress, and will have to carry those injuries for the rest of his life.

<u>CAUSES OF ACTION</u>

<u>COUNT 1:</u>      <u>FOURTH AND FOURTEENTH AMENDMENT VIOLATION – UNLAWFUL SEIZURE</u>

25.      Plaintiff alleges and incorporates the section titled, "Statement of Facts," above, as if fully set forth herein in Count 1.  As per their agreement with the city defendants, the police defendants intentionally manipulated evidence, modified and coerced witness testimony, and concealed key exculpatory facts during a sham investigation into plaintiff's work as a Weslaco Police officer.  Mr. Ramirez, Corporal Casares, Public Information Officer Barbosa Officer Rene Cuellar, and Sgt. Meza illegally caused a warrant to be issued for plaintiff's arrest by withholding material information and misrepresenting material facts from a neutral magistrate. Plaintiff was arrested, pursuant to this illegal warrant.  When plaintiff's case was reviewed by a grand jury in Hidalgo County, it returned a "no bill."

26.      Defendants conspired to intentionally violate plaintiff's rights under the Fourth and Eighth Amendment to the United States Constitution.  Defendants' conduct caused harm to plaintiff.  As a direct and proximate result of defendants' manipulation of evidence, modification and coercion of witness testimony, and concealment of key exculpatory facts, plaintiff has suffered damages in the form of lost wages and benefits, grievous and permanent injury, including the loss of freedom, companionship, and the attendant infliction of mental and physical pain, suffering, anguish and distress in connection with incarceration and the deprivation of his constitutional and statutory rights.  Defendants acted under color of law.

27.      The acts of defendants, as described, were motivated by an evil motive and intent, and involved a reckless and callous indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against the individually named defendants. Therefore, defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983.

COUNT 2:        FOURTEENTH AMENDMENT – PROCEDURAL AND SUBSTANTIVE DUE PROCESS

28.     Plaintiff alleges and incorporates the section titled, "Statement of Facts," above, as if fully set forth herein in Count 2.  Plaintiff had a property interest in continued employment created by statute and local ordinance.  As per their agreement with the city defendants, the police defendants intentionally manipulated evidence, modified and coerced witness testimony, and concealed key exculpatory facts during a sham internal affairs investigation into plaintiff's work as a Weslaco Police officer.  As a result of this sham investigation, Mr. Ramirez, as Chief of Police, and Mr. Olivarez, terminated plaintiff's employment.  Plaintiff's termination was not conducted according to the terms of the civil service rules for the City of Weslaco, but rather was done arbitrarily and capriciously.  As a direct and proximate result of defendants' sham internal affairs investigation involving the manipulation of evidence, modification and coercion of witness testimony, and concealment of key exculpatory facts, and sham disciplinary action, plaintiff has suffered damages in the form of lost wages and benefits, and the attendant infliction of mental pain, suffering, anguish and distress in connection with incarceration and the deprivation of his constitutional and statutory rights.  Defendants acted under color of law.

29.     The acts of defendants, as described, were motivated by an evil motive and intent, and involved a reckless and callous indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against the individually named defendants. Therefore, defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983.

COUNT 3:        FIRST AMENDMENT VIOLATION – INTERFERENCE WITH FREEDOM OF ASSOCIATION
                AND FREEDOM OF SPEECH.

30.     Plaintiffs allege and incorporate the section titled, "Statement of Facts", above, as if fully set forth herein in Count 3.  During his tenure at the Department, plaintiff was the president of the "Union" and was very active in local politics.  Plaintiff served as the campaign treasurer for

the Union's political action committee. The Union's political action committee, an entity created to promote and address local law enforcement concerns, was known to raise money for candidates, coordinate political block walks, and distribute political advertising.  Plaintiff was known by Weslaco City Commissioners Gerardo Tafolla, David Fox, Lupe Rivera Sr. and now-former Commissioner John F. Cuellar to support their opponents and to be a leader in the Union's efforts to unseat them.

31.     As per their agreement with the city defendants, the police defendants intentionally manipulated evidence, modified and coerced witness testimony, and concealed key exculpatory facts during a sham internal affairs investigation into plaintiff's work as a Weslaco Police officer.  As a result of this sham investigation, Mr. Ramirez, as Chief of Police, and Mr. Olivarez, terminated plaintiff's employment and plaintiff was forced out of his home. Defendants' conduct was done for the purpose of "politically eliminating" plaintiff by having him arrested, having his employment terminated, and having him publicly humiliated.. Defendants intentionally violated plaintiff's rights under the First Amendment to the United States Constitution.  Defendants' conduct caused harm to plaintiff.  Defendant acted under color of law.  Therefore, defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983.

COUNT 4:     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.     In the alternative, plaintiff alleges and incorporates the section titled, "Statement of Facts," above, as if fully set forth herein in Count 4.  Plaintiff is a person.  As per their agreement with the city defendants, the police defendants purposely notified every outlet of local media, to attend plaintiff's arraignment for the purpose of publicly humiliating plaintiff.  Mr. Ramirez then went on television and presented a false narrative of the investigation to the public.  Defendants intentionally or recklessly acted in concert.  As a proximate result of defendants' actions,

plaintiff was publicly humiliated; his reputation was destroyed; and he suffered severe emotional distress.  Defendants' conduct was extreme and outrageous.  No alternative cause of action will provide a remedy for the severe emotional distress caused by defendants' conduct.  Therefore, defendants are liable to plaintiff for intentional infliction of emotional distress.

COUNT 5:        CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS -- 42 U.S.C.A. § 1988

33.    Plaintiff alleges and incorporates the section titled, "Statement of Facts," above, as if fully set forth herein in Count 5.

34.    Defendants, acting in their individual capacities and under color of law, conspired together and with others, and reached a mutual understanding to engage in a course of conduct, and, otherwise, conspired among and between themselves to deprive plaintiff of his constitutional rights.  Defendants' conspiracies deprived Plaintiff of rights protected by the Fourth and Fourteenth Amendments of the United States Constitution, as protected by 42 U.S.C.A. § 1983.

35.    Defendants conspired to commit the overt acts set forth in the factual statements above. The overt acts included the manufacture of knowingly false and knowingly unreliable evidence which was intended to inculpate plaintiff; the suppression of exculpatory evidence; intentional failure to investigate evidence which would have exculpated plaintiff; and the filing of false, misleading, and unreliable reports as a part of the investigation, and plaintiff's wrongful arrest. The conspiracy was designed to prove a case against plaintiff despite his actual innocence, which was known to defendants.

36.    The conspiracy resulted in violation of Plaintiff's constitutionally protected rights.

37.     Defendants' conspiracy and overt acts were continuing in nature and caused Plaintiff constitutional deprivations, injuries, pain, suffering, mental anguish, conviction, incarceration, humiliation, and loss of freedom, companionship, and income.

38.     The acts of Defendants, as described, were motivated by an evil motive and intent, and involved a reckless and callous indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

39.     If Plaintiff prevails, he is entitled to an award of attorney's fees, pursuant to 42 U.S.C.A. § 1988.

COUNT 6:     DECLARATORY RELIEF.

40.     Pursuant to 28 U.S.C. §§ 2201 -2202, plaintiff seek declaratory judgment stating that the defendants violated his right to freedom of expression, guaranteed by the First Amendment to the United States Constitution, as described above.  Pursuant to Federal Rule of Civil Procedure 57, plaintiffs elect to have this claim tried before a jury.

COMPENSATORY DAMAGES

41.     As a direct and proximate result of defendants' violations of plaintiffs constitutional rights, plaintiff suffered the following injuries and damages:

      a.  Compensatory damages;

      b.  The wages, salary, profits, and earning capacity that plaintiffs lost and the present value of the wages, salary, profits, and earning capacity that plaintiff is reasonably certain to lose in the future because of defendants' actions;

      c.  The mental/emotional pain and suffering that plaintiff has experienced and is reasonably certain to experience in the future;

      d.  Nominal damages.

<u>PUNITIVE DAMAGES</u>

42.     Defendants' conduct was accompanied by ill-will or spite, or was done for the purpose of injuring plaintiff.  Defendants' conduct reflects a complete indifference to plaintiff's rights. Therefore, plaintiff seeks punitive damages.

<u>ATTORNEY FEES</u>

43.     Pursuant to 42 U.S.C. § 1988, plaintiff is entitled to an award to attorney's fees and costs.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, plaintiff, ALVINO FLORES, SR., prays that defendants, Gerardo Tafolla, David Fox, Lupe Rivera Sr., John F. Cuellar, Leo Olivarez, Carlos Garza, Sergio Ramirez, Alex Casares, David Barbosa, Rene Cuellar, and Juan Meza, be cited to appear, and after trial on the merits, plaintiff recover:

- compensatory damages;

- punitive damages; and

- all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.

Moreover, plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against defendants, Gerardo Tafolla, David Fox, Lupe Rivera Sr., John F. Cuellar, Leo Olivarez, Carlos Garza, Sergio Ramirez, Alex Casares, David Barbosa, Rene Cuellar, and Juan Meza, in the event of recovery; and that plaintiff recover againsts defendantss, Gerardo Tafolla, David Fox, Lupe Rivera Sr., John F. Cuellar, Leo Olivarez, Carlos Garza, Sergio Ramirez, Alex Casares, David Barbosa, Rene Cuellar, and Juan Meza, any and all other general relief or specific relief to which he proves himself entitled.

Respectfully submitted,

DAVID WILLIS, P.C.
1534 E. 6th Street, Suite 201
Brownsville, Texas 78520
Ph:     956-986-2525
Fax:    956-986-2528

____/s/ David Willis_____
David Willis
State Bar No. 24039455
Fed. ID: 36365
Attorney in charge for plaintiff.